## Alexander v. Alexander.

(Decided October 18, 1927.)

### Appeal from Edmonson Circuit Court.

1. Pleading.—In action by in-coming sheriff to recover an overpayment made by him to the outgoing sheriff in the adjustment of accounts, petition, alleging that the facts entitling plaintiff to recover could be ascertained by a reference to an order or judgment by the county fiscal court, held defective for failure to speficially aver the facts so pointed out.

2. Judgment.—Where adjustment of accounts entitled outgoing sheriff to certain amount of taxes to be collected from particular railroad, and where incoming sheriff paid outgoing sheriff a larger sum than he was entitled to, judgment or order of county fiscal court, requiring incoming sheriff to account for amount of such overpayment, and reciting that incoming sheriff should recover such amount from his predecessor, held not to have the effect of a judgment binding on former sheriff.

3. Appeal and Error.—In action for money had and received, where defendant admitted plaintiff's claim, and relied solely on counter-

claim, held, errors, if any, in instructions submitting plaintiff's claim to jury, were immaterial.

4. Appeal and Error.—Defective petition, in action for money had and received, rendering it demurrable, held not ground for reversal, where defendant admitted plaintiff's claim and relied solely on counterclaim, which was decided against him, in view of Civil Code of Practice, sections 134, 338, 756.

MILTON CLARK for appellant.

B. M. VINCENT for appellee.

Opinion of the Court by Commissioner Sandidge—Affirming.

By this ordinary action appellee, D. W. Alexander, sought to recover from appellant R. R. Alexander, $528.80. The answer put the allegations of the petition in issue and pleaded a counterclaim. The jury returned a verdict for appellee for the full $528.80, and found against appellant on his counterclaim. Judgment was entered accordingly, and hence the appeal.

Appellant formerly was the sheriff of Edmonson county, his term of office ending January 1, 1922. Appellee, his brother, succeeded him to that office, entering upon his term on that date. In order to settle as between the outgoing and incoming sheriff on account of taxes owing by the Louisville & Nashville Railroad Company, for a reason not altogether clear, but seemingly understood by the parties, it became necessary for the appellee to pay to appellant out of the first taxes collected by him from the railroad company approximately $1,800, and instead of paying only that much he paid to him $528.80 too much. Cognizance of this state of facts was taken by the fiscal court in making its first settlement with appellee, the incoming sheriff, and it exonerated him from paying the $1,800 that had been accounted for by appellant, the outgoing sheriff, but required him to account for and pay to the county the $528.80 which by mistake he had paid to appellant; and in the order by which this matter was arranged it was recited that appellee should recover that amount from appellant.

As appellant insists the petition herein was defective and his demurrer thereto should have been sustained. Instead of alleging that the facts under which appellee was entitled to recover from appellant the sum of money claimed could be ascertained by reference to the fiscal

court order or judgment, the facts should have been pleaded. The fiscal court order is of course not efficacious as a judgment. Appellee's action is one for the money had and received. The facts constituting the cause of action should have been pleaded. We find, however, from the testimony of both appellant and appellee that there is no controversy between them as to the mistake by which appellee overpaid appellant to the amount of $528.80 in a settlement on account of the taxes collected from the Louisville & Nashville Railroad Company. Appellant admits this to be the fact and that on this account he owes appellee $528.80. As to this item in his testimony he defended not upon the theory that he did not collect the money and not upon the theory that, as between him and his brother on this account, he does not owe his brother, but upon the theory that on account of other transactions which he pleaded by way of counterclaim his brother owed him more than enough to offset the one against the other. Appellant's counterclaim was submitted to the jury by instructions not complained of in brief for him, and the jury on the counterclaim found in favor of appellee. Hence the only method by which appellant under his own evidence could be given relief from paying the $528.80 sought to be recovered by appellee has been removed. That question has been tried and determined by a jury, which found against appellant. That being true, it would seem to be a futile thing, because appellee's petition was defective, and the trial court erred in overruling appellant's demurrer thereto to reverse the judgment rendered herein, and remand this cause, with direction that the demurrer to the petition be sustained, when at the same time we would have to direct that a peremptory instruction be given for appellee. The real issue between the parties was tried when the jury tried appellant's counterclaim; and no complaint is made as to the instructions by which it was submitted to the jury .

If, as appellant insists, the instructions submitting appellee's cause of action to the jury were erroneous, that would seem to be wholly immaterial in view of the facts which appellant while testifying admitted. The trial court on appellee's cause of action should have peremptorily instructed the jury to find for him.

These things being true, though the petition was defective, though appellant demurred and the demurrer

was overruled, and though the defects in the petition were not cured by answer, a state of facts ordinarily requiring a reversal of a common-law judgment, yet under the additional facts hereof, since it appears by the admission of appellant that he owes the $528.80 sought to be recovered by appellee as "money had and received," it is impossible to reach the conclusion that his substantial rights were prejudiced when the trial court overruled the demurrer to the petition. Section 756 of the Civil Code of Practice expressly provides that no judgment shall be reversed or modified except for an error to the prejudice of the substantial rights of the party complaining thereof. See, also section 134 and section 338.

Wherefore the judgment is affirmed.

Judge Logan, not sitting.